Jason D. Haymore 13236
Kevin Kemp 13999
Pearson Butler & Carson PLLC
1682 W. Reunion Ave. #100
South Jordan, UT 84095
(t)801-495-4104
(f)801-254-9427
jasonh@pearsonbutler.com
kevin@pearsonbutler.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| RENE HENRIQUEZ,<br><br>       Plaintiff,<br><br>vs.<br><br>EAGLE MOUNTAIN PRESS, LLC<br><br>       Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case Number: 2:16-cv-01254-DBP<br><br>Honorable Judge: Dustin B. Pead |

Plaintiff Rene Henriquez ("Plaintiff" or "Rene"), by and through undersigned counsel complains against Defendant Eagle Mountain Press, LLC ("EMP") as follows:

### Nature of the Case

This is an action for damages due to discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et et seq. (Title VII), as well as for violations of state law.

### Parties, Jurisdiction, and Venue

1. Rene is an individual residing in Salt Lake County, Utah.

2. Defendant EMP is a Utah limited liability company which its principal place of business in Salt Lake County, Utah. Jurisdiction of this action is conferred upon this Court by the federal False Claims Act. 31 U.S.C. §3730(h).

3. The unlawful practices alleged herein were committed by the Defendant in the state of Utah.

4. This court has jurisdiction over the actions asserted herein pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c), in that EMP resides and does business in this District and a substantial part of the events giving rise to Plaintiff's claims arose within this District.

## Administrative Proceedings

7. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 26, 2013 alleging race discrimination (color and national origin) and retaliation.

8. On December 23, 2015, The EEOC handed down a determination which found that there was reasonable cause to believe there was a violation of Title VII in that Plaintiff, and others, were subject to harassment because of his color and national origin.

9. On September 14, 2016, the EEOC issued Plaintiff a Notice of Right to Sue.

## FACTS

10. Plaintiff is originally from El Salvador and speaks very little English.

11. Plaintiff was hired as a Roll Tender for Defendant in the fall of 2008.

12. At the time that Plaintiff was terminated, he was compensated at $10.75/hr.

13. Plaintiff was supervised by Jim Bevelas (herein "Bevalas")who is most commonly known by his nickname which is "Jimbo."

14. Bevelas frequently made comments about Plaintiff's skin color and national origin. Some examples include:

   a. Frequently telling Plaintiff that "you are not from here."

   b. Holding his arm up next to Plaintiff's arm and comparing the colors while making comments like, "see, you are not from here" and "see how we are different."

      c. Bevelas was heard to say that he was going to ensure that Hispanics don't work for Defendant.

      d. Bevelas was heard to say "stupid Hispanics, you don't speak English."

15. Bevelas also frequently blamed Plaintiff for doing things that he did not do.

16. After Bevelas shouted a few vulgar comments at a few Hispanic coworkers, Plaintiff and other Hispanic employees complained of Bevelas' behavior to the General Manager, Ryan Kimber. The complaint included all the information in paragraph 14 above.

17. Kimber conducted an investigation but took no disciplinary action towards Bevelas.

18. Shortly after the investigation, Plaintiff was given written reprimands under false pretenses.

19. Shortly after the reprimand, Bevelas told Plaintiff that he wouldn't be working for Defendant much longer.

20. Bevelas ultimately decided that he would not allow any Hispanic workers under his supervision and had all Hispanic workers transferred to another team.

21. Shortly after being transferred to another team, Plaintiff and another Hispanic worker were fired and a third Hispanic coworker quit because he could no longer tolerate the discriminatory treatment.

**FIRST CAUSE OF ACTION**
**(Disparate Treatment in Violation of Title VII)**

22. Plaintiff re-alleges all statements in previous paragraphs and incorporates them herein.

23. Defendant engaged in frequent race, national origin, and color discrimination towards Plaintiff by the conduct outlined in the preceding paragraphs.

24. Defendant took adverse action against Plaintiff when they transferred him and ultimately terminated his employment.

25.     Defendant is liable for the conduct of Bevelas because he was Plaintiff's supervisor and because they were put on notice when Plaintiff and other Hispanic coworkers complained of the discriminatory conduct.

26.     Plaintiff is entitled to recover damages for all future pecuniary losses, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses caused by Defendant's unlawful discrimination.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of Title VII)

27.     Plaintiff re-alleges all statements in previous paragraphs and incorporates them herein.

28.     Defendant, through its' supervisor Bevelas, engaged in race-based discriminatory conduct towards Plaintiff that was unwelcomed and unwanted.

29.     Defendant's conduct was sufficiently severe and pervasive to constitute a hostile work environment.

30.     Defendant failed to adequately investigate or address Bevelas' conduct towards Plaintiff and other Hispanic employees.

31.     Defendant knew, or should have known about Bevelas' discriminatory conduct towards Plaintiff and his Hispanic coworkers.

32.     Defendant's actions described above were done with malice or a reckless indifference to Plaintiff's federally protected right to complain about discrimination. Due to the willful and malicious nature of the retaliation against Plaintiff, Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter Defendant from engaging in retaliatory conduct in the future.

33.     Plaintiff is entitled to recover all attorney's fees and costs expended in prosecuting this action.

34.     Plaintiff is entitled to other such relief as this Court deems appropriate.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

35. Plaintiff re-alleges all statements in previous paragraphs and incorporates them herein.

36. Plaintiff complained of the discriminatory treatment and the harassment he was subject to the General Manager, Ryan Kimber, in September, 2013.

37. Defendant retaliated against Plaintiff by writing him up twice under false pretenses, by transferring him to another team, and by ultimately terminating his employment.

38. Defendant also retaliated against Plaintiff when Bevelas threatened his employment by telling him "you won't be working here much longer."

39. Defendant is entitled to recover damages for all future pecuniary losses, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses caused by Defendant's unlawful harassment.

40. Defendant's actions described above were done with malice or a reckless indifference to Plaintiff's federally protected right to complain about discrimination. Due to the willful and malicious nature of the retaliation against Plaintiff, Plaintiff is entitled to an award of punitive damages in an amount sufficient to deter Defendant from engaging in harassing conduct in the future.

41. Plaintiff is entitled to recover all attorney's fees and costs expended in prosecuting this action.

42. Plaintiff is entitled to other such relief as this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

a. Compensatory and consequential damages;

b. Punitive damages, in substantial, appropriate, and reasonable amounts;

      c.      Pre-judgment and post-judgment interest at the highest lawful rate;

      d.      Attorneys' fees and costs of this action, as appropriate; and

      e.      Any such further relief as justice allows.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Dated this December 13, 2016

/s/ Jason D. Haymore
Jason D. Haymore
Attorney for Plaintiff